IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINISAR CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-653-SLR |
| AGILENT TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT AGILENT TECHNOLOGIES, INC. MOTION FOR AN EXTENSION OF TIME TO ANSWER COMPLAINT

Defendant Agilent Technologies, Inc. moves the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for a thirty day extension of time to answer, plead or otherwise move in response to the complaint filed by plaintiff Finisar Corporation (the "Complaint"). The extension would allow Agilent to file an answer by October 26, 2005, as opposed to September 26, 2005. The grounds for this motion are set forth below.

### I.   NATURE AND STAGE OF THE PROCEEDINGS

Finisar commenced this action in the United States District Court for the District of Delaware on September 6, 2005, alleging infringement of two patents. On September 6, 2005, Finisar caused Agilent to be served with the Complaint via service on Agilent's registered agent in Delaware. Under the rules, Agilent's response to the Complaint is due on Monday, September 26, 2005. Counsel for Agilent were engaged just last week due in part to lead counsel having been out of the county.

On September 7, 2005 Patrick J. Barrett, Agilent's Vice President, Assistant General Counsel and Head of its Intellectual Property Practice Group, contacted Finisar and

requested a thirty day extension of time to respond to the Complaint, as is standard and customary in the District of Delaware. In response, Mr. Barrett was informed that Finisar wanted an Agilent executive to call Finisar and wanted Agilent to enter into substantive settlement negotiations as a condition to an extension of time. Counsel for Finisar reiterated Finisar's position to Mr. Barrett during the week of September 12.

Outside counsel for Agilent was retained last week, and on September 19, Agilent's outside counsel renewed Finisar's request for an extension. On Friday, September 23, Finisar's e-mail to the Court back-tracked somewhat, stating only that it desired the request for an extension to come from an executive:

> Finisar asked in return only that the request be made through an executive. . . . The problem could have been addressed with only that simple contact.

Leaving aside the fact that an executive – Mr. Barrett – had made the original request for an extension to Finisar, a different executive is placing a call to Finisar today. In any event, if the issue only were that Finisar wanted the request for an extension to come from a different executive, it could have communicated that to Mr. Barrett. It did not do so. Even so, Finisar still has offered no indication that it will consent to Agilent's request for an extension if the request is made by an executive other than Mr. Barrett.

II.   **STATEMENT OF FACTS**

There are no additional facts required to decide this motion beyond the background stated above.

III.   **ARGUMENT**

    A.    Granting Agilent An Additional Thirty Days to Respond to the Complaint Will Promote the Interests of Fairness, Justice and Judicial Economy.

Federal Rule of Civil Procedure 6(b)(1) provides that:

> When by these rules . . . or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Under Rule 6(b)(1), "the district court is granted broad discretion to expand filing deadlines," Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995), and the courts generally grant Rule 6(b)(1) requests to extend time in the absence of bad faith or prejudice to the adverse party. See Kuczynski v. United States, 1996 U.S. Dist. LEXIS 8219 at *4 (E.D. Pa. June 14, 1996) (granting Rule 6(b)(1) motion after finding "no unfair[] harm [to] either party" and "no showing of bad faith on the part of plaintiff in making this request [to extend]") (citing 4A Wright & Miller, Federal Practice & Procedure § 1165 at 475 (1987 ed.)); Clarke v. Mitchell, 1995 U.S. Dist. LEXIS 13579 at *6 (E.D. Pa. Sept. 15, 1995) (basing order granting Rule 6(b)(1) motion to extend time to answer in part on finding that "plaintiff will not be prejudiced by such an extension"); see generally 2 Moore's Federal Practice ¶ 6.08 at 6-83 (2d ed., rel. 110) ("Ordinarily . . . the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.").

Here, the requirements for an extension under Rule 6(b)(1) are clearly satisfied. Finisar's apparent attempt to use Agilent's request for a thirty day extension of time to answer the Complaint as leverage for the instigation of settlement discussions is inappropriate; in fact, granting an extension would only facilitate the settlement process.

Moreover, the equities favor the grant of an extension. Litigation counsel for Agilent were engaged just last week due in part to lead counsel having been out of the country. Counsel will require the additional thirty days to adequately investigate the two patents at issue and to identify defenses to the allegations of the Complaint. The Complaint alleges infringement of U.S. Patent No. 5,019,769 ("the '769 patent"), entitled "Semiconductor Laser Diode Controller and Laser Diode Biasing Control Method." The '769 patent has 5 independent claims and 25 total claims. The Complaint also alleges infringement of U.S. Patent No. 6,941,077 ("the '077 patent"), entitled "Memory Mapped Monitoring Circuitry for Optoelectronic Device", which issued on September 6, 2005 – the day the Complaint was filed. The '077 patent has 4 independent claims and 16 total claims.

B.    Granting the Extension Will Not Prejudice Finisar.

There is no basis to suggest that a thirty day extension of time to answer, move, or otherwise respond to the complaint will prejudice Finisar. Nor does Finisar claim any prejudice in its September 23 email to the Court. The minimal extension sought by Agilent here presents a much greater showing of cause than that presented in prior cases decided by the Court. See, e.g., MacNeil v. Hearst Corp., 160 F. Supp. 157, 158, 159 (D. Del. 1958) (granting defendant's request to extend the time to respond to the complaint until 20 days after the disposition of defendant's motion to strike one of two plaintiffs for failing to comply with the Rules of the Court and with a statute of the United States).

## IV.    CONCLUSION

For the foregoing reasons, Agilent Technologies, Inc. respectfully requests that the Court enter an Order in the form attached granting it an extension of thirty days, until October 26, 2005, to respond to the Complaint in this action.

Counsel for Agilent certifies, pursuant to Local Rule 7.1.1, that we have made reasonable efforts to reach agreement with the opposing attorneys on the requested extension. As set forth above, they have refused our request.

> Respectfully submitted,
>
> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
>
>
> _____
> Josy Ingersoll (No. 1088)
> John W. Shaw (No. 3362)
> YOUNG CONAWAY STARGATT
>   & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE  19810
> (302) 571-6600
> *Counsel for Defendant*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York  10020-1105
(212) 596-9000

Dated:  September 26, 2005

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, hereby certify that on September 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on September 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY FEDERAL EXPRESS**

>James Pooley, Esquire
>Marc David Peters, Esquire
>Milbank, Tweed, Hadley & McCoy LLP
>Five Palo Alto Square
>3000 El CCamino Real
>Palo Alto, CA 94306-2109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Agilent Technologies, Inc.*