IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINISAR CORPORATION, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-653 (SLR) |
| AGILENT TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**PROPOSED SCHEDULING ORDER**

At Wilmington this 29th day of March 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties **will exchange by March 30, 2006** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects: patent infringement, willful infringement, patent invalidity, and damages.

    (b) All fact discovery shall be commenced in time to be completed by **November 15, 2006**.

    (1) Document production shall be completed on or before **June 9, 2006**.

    (2) Maximum of **45** interrogatories by each party to any other party.

    (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of **25** requests for admission by each party to any other party.

    (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) Maximum of **125** hours for each party for fact depositions.

  (c) Expert discovery shall be commenced in time to be completed by **February 15, 2007**.

    (1) Expert reports on issues for which the parties have the burden of proof due **December 15, 2006**. Rebuttal expert reports due **January 15, 2007**.

    (2) Expert depositions to be limited to a maximum of 7 hours per expert per report unless extended by agreement of the parties or order of the Court.

    (3) All <u>Daubert</u> motions and briefs shall be filed on the schedule set for summary judgment briefing in paragraph 6 of this Order.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiff as to whether it intends to rely on advice of counsel by **September 15, 2006**. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due **October 13, 2006**.

(f) **Discovery Disputes.**

(1) The court shall conduct in-person discovery status conferences on **May 10, 2006** from **4:30 p.m.** to **5:30 p.m.**, the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to

3

twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **August 11, 2006**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purpose of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on **November 30, 2006**, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **March 1, 2007**. Answering briefs shall be filed on **March 16, 2007**, and reply briefs on **March 23, 2007**. No summary judgment motions may be filed more than ten (10) days from the above date without leave of the court.

7. **Claim construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file a Joint Claim Construction Statement on **February 22, 2007**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **March 1, 2007**. Simultaneous response

briefs should be filed by **March 23, 2007.** Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on **June 22, 2007** at **9:30 a.m.**

        8.       **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

        (a)       **Any non-dispositive motion should contain the statement required by D. Del LR 7.1.1.**

        (b)       No telephone calls shall be made to chambers.

        (c)       Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Requests for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

        9.       **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conferences and during trial (before and after the trial day).

        10.      **Pretrial Conference.** A pretrial conference will be held on **August 22, 2007** at **4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial.**  This matter is scheduled for a nine (9) day jury trial commencing on **September 4, 2007** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_3/29/06_
Date

_[signature]_
United States District Judge

512743

6